WELCH, APPELLEE, *v.* K-BECK
FURNITURE MART, INC., APPELLANT.

(No. 81AP-88—Decided September 29, 1981.)

*Messrs. Bricker & Eckler* and *Mr. Charles H. Waterman, III,* for appellee.
*Mr. Arthur G. Wesner,* for appellant.

MOYER, J. This matter is before us on the appeal of defendant, K-Beck Furniture Mart, Inc., from a judgment of the Franklin County Municipal Court ordering defendant to return to plaintiff, Farrell Welch, the partial layaway payment he paid defendant on a contract for the purchase of several items of furniture from defendant.

The trial court's decision and the scant record indicate that plaintiff entered defendant's store in 1977 and

discussed the purchase of several items of furniture at a price, including tax, of $1,763. Because plaintiff had no money for a down payment, he signed the following agreement:

"A total of $763.00 is to be paid in, prior to any delivery, it is agreed that, a minimum payment of at least 20% of the original partial layaway amount, must be paid, within every 30 days period of time, starting exactly 30 days from this invoice date. Failure to comply with this payment schedule, will immediately terminate this layaway and all deposits will be forfeited.

"This layaway is final — no refunds. Upon complete payment of this layaway, the remaining balance to be set up on terms, to be arranged."

Plaintiff made several payments totaling $413 and then defaulted on the contract. Defendant kept the total amount paid by plaintiff. Plaintiff later filed suit in the Small Claims Division of the Franklin County Municipal Court, seeking return of the $413 he had paid defendant. Defendant filed an answer and counterclaim.

The case was set for pretrial and trial, but it is unclear from the record what further proceedings actually took place. No transcript has been filed with the appeal. The trial court filed its decision and journal entry granting judgment for plaintiff and holding that the forfeiture provision of the agreement was void and unenforceable as a penalty under R. C. 1302.92(A). Defendant's motion for a new trial was overruled.

In support of its appeal, defendant raises the following four assignments of error:

"1. The Trial Court erred and abused its discretion in overruling defendant's Motion for a New Trial and in ruling that without regard to the actual harm caused by the plaintiff's breach of contract, the defendant's partial layaway agreement which forfeits payments made, is void and unenforceable under Section 1309.92(A), Ohio Revised Code.

"2. The Court erred in ruling that the plaintiff could recover a down payment money on a partial layaway, on a written contract the plaintiff breached, without introducing any evidence as to defendant's actual damages.

"3. The Court erred in ruling that where it found liquidated damages to be unreasonably large and void under Section 1302.92(A), it would not award damages as set forth under 1309.92(B)(2), Ohio Revised Code.

"4. The Court erred in determining that the defendant had a duty to prove actual damages despite the fact that the parties had, in writing, agreed to liquidated damages, and, the plaintiff had failed to introduce any evidence of actual damages."

Defendant first asserts that the trial court abused its discretion when it overruled defendant's motion for a new trial and when it ruled that the forfeiture of the partial layaway payment was void and unenforceable without receiving any evidence of the actual harm caused defendant. The only evidence in the record before us is the written agreement signed by the plaintiff. The primary question, therefore, is whether the trial court could have found that the agreement on its face is void and unenforceable as a penalty. R.C. 1302.92(A) is the controlling provision. It reads as follows:

"Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

Under the terms on the face of the agreement, plaintiff could have paid over forty percent of the price of the items purchased and forfeited that amount for being in default without ever having had the use of the furniture. There is no evidence

in the record indicating what damages defendant would have suffered by plaintiff's breach. However, because defendant was not required to give plaintiff the possession of any of the furniture, it appears unlikely that defendant's damages would have approached forty percent of the purchase price. Although there is also no specific evidence with respect to the difficulty defendant would have in proving its loss in the event of a breach, it seems certain that a reasonably accurate estimate of damages for a lost sale could be calculated. Therefore, under the first two factors of R.C. 1302.92(A), liquidated damages do not appear to be reasonable.

We have discussed the issue of liquidated damages in the case of *American Financial Leasing* v. *Miller* (1974), 41 Ohio App. 2d 69 [70 O.O.2d 64]. Although that case was not concerned with the statute which governs this case, the following language from *American Financial Leasing* applies equally well to the facts before us:

"It is our belief that the main element to be considered in arriving at the determination of the validity of such a provision is whether it expresses the intention of the parties that any such stipulated amount represents the reasonable damage for the breach of the general provisions of the contract, which damage, because of the nature of the transaction, would be difficult to ascertain.

"If the provision is not on its face unconscionable, the element of fraud is not present, and the amount can reasonably be related to the loss that may have been experienced by a party due to the breach, the reviewing court should uphold the provisions of the contract.

"However, where, upon a review of the terms of the specific agreement, all of the elements in the rule do not fall into place, a contrary conclusion must be reached. * * *" *(Id.* at 74.)

An examination of the face of the contract in question reveals no intent by the parties to liquidate defendant's damages by forfeiture of the amount paid on the partial layaway. The forfeiture bears no relationship to defendant's eventual damages. The law abhors a forfeiture. In light of the factors specified in R.C. 1302.92 and our holding in *American Financial Leasing, supra,* we hold that the trial court did not abuse its discretion or err in finding that the forfeiture agreement is void and unenforceable as a penalty.

Defendant contends that plaintiff bore the burden of introducing evidence that the amount forfeited by plaintiff bore no reasonable relationship to defendant's actual damages. Defendant argues that the amount actually forfeited was only twenty-three percent of the contract price and, therefore, was close enough to the twenty percent liquidated damages authorized by R.C. 1302.92(B) to be deemed liquidated damages. However, in determining the reasonableness of the agreement, we must consider not the amount which was actually forfeited but, rather, the amount which could have been forfeited. In this case, that amount was $763. Because the agreement on its face is unreasonable and the damages for breach a penalty, the question of who bears the burden of proving damages is moot. The written agreement itself provided the basis for the trial court to determine that the amount of the possible forfeiture was unreasonable.

Defendant further claims that the trial court put upon it the burden of proving its actual damages by its statement that "defendant failed to prove any actual damages that the court could apply as a set-off." The court's statement obviously applies to defendant's counterclaim for damages in which the burden of proof was upon defendant. Therefore, it does not appear that the trial court erroneously assigned the burden of proof to defendant.

Defendant's assignments of error one through four are not well taken and are overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and WHITESIDE, J., concur.